

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00240-CV

## IN THE INTEREST OF A.O., A CHILD

**From the 77th District Court
Limestone County, Texas
Trial Court No. CPS-416-A**

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services ("the Department") filed a petition seeking to terminate Mother's parental rights to A.O. Following a bench trial, the trial court terminated Mother's parental rights under Texas Family Code Sections 161.001(b)(1)(D) and (b)(1)(E) and found that termination was in the best interest of A.O.[1] *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(2). Mother appealed.

Mother's attorney has now filed an *Anders* brief asserting that she diligently reviewed the record and that she believes the appeal to be frivolous. *See generally Anders*

---

[1] The Department also sought to terminate the parental rights of A.O.'s unknown father. The unknown father has not appealed the trial court's termination of his parental rights to A.O.

*v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.). We affirm.

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has provided us with the appropriate facts of the case and its procedural history, and has discussed why, under controlling authority, there is no reversible error in the trial court's termination order. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008). Further, counsel informed us that she has examined the record and found no arguable grounds to advance on appeal, served Mother with a copy of the *Anders* brief, provided a copy of the appellate record to Mother, and informed Mother of her right to file a response to the *Anders* brief. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re A.S.*, 653 S.W.3d at 299-300. By letter, we informed Mother of her right to review the appellate record and to file a response to the *Anders* brief filed by her appellate counsel. Mother did not file a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an

appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We affirm the judgment of the trial court terminating Mother's parental rights to A.O.

Counsel's duty to her client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE ANN. § 107.016(2)(B). Consequently, if Mother, after consulting with counsel, desires to file a petition for review to the Texas Supreme Court, counsel's obligations can be satisfied by filing "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).

## Conclusion

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed December 30, 2024
[CV06]

